**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SHAQUAN THOMPSON,** | : |
| Plaintiff, | : Civil Action No. 17-11768 (ES) (MAH) |
| v. | : OPINION |
| **STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS,** | : |
| Defendant. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant State of New Jersey Department of Corrections's ("Defendant's") motion to dismiss *pro se* Plaintiff Shaquan Thompson's ("Plaintiff's") Complaint (D.E. No. 1) under Federal Rules of Civil Procedure 10(b), 12(b)(5), and 12(b)(6). (D.E. No. 20). The Court has considered the parties' submissions and decides the motion without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court GRANTS Defendant's motion.

**I.       Background**

The Court will "set out facts as they appear in the Complaint . . . ." *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

Plaintiff was "an employment candidate . . . for a teaching position" for the State of New Jersey Department of Corrections (*i.e.*, Defendant). (D.E. No. 1 ("Compl.") at 2). On April 14, 2016, he applied to work at the Albert C. Wagner Youth Correctional Facility in Chesterfield, New Jersey. (D.E. No. 1-3 at 1; D.E. No. 1-5 at 1). Defendant conducted a criminal background check of Plaintiff (D.E. No. 1-3 at 1), which "came back with four" arrests on his record. (*See* D.E. No. 1-5 at 3). As a result, Defendant suspended Plaintiff's candidacy. (D.E. No. 1-4; D.E. No. 1-5 at

4). Plaintiff subsequently "[e]mailed disproving documents" and asserted that the background check contained false information. (*See* D.E. No. 1-5 at 5).

On June 6, 2017, Plaintiff filed a Title VII[1] discrimination charge against Defendant, alleging that he "ha[d] been discriminated against on the bas[i]s of [his] race." (D.E. No 1-2). He received a right-to-sue letter on August 18, 2017. (*Id.*). And Plaintiff filed the instant Complaint on or about November 17, 2017, alleging that Defendant "unfairly excluded [him] from employment . . . based upon false positive data" in the background check. (D.E. No. 1-3). In doing so, Plaintiff asserts, Defendant "willfully committed employment discrimination against [Plaintiff] and violated [his] civil rights as an employment candidate based upon [r]ace . . . ." (*Id.*). Plaintiff also asserts that Defendant "subjected [him] to disparate impact" because of "the specific and glaring ambiguity of its background check policy . . . ." (*Id.*). In support of these assertions, Plaintiff cites *EEOC Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, 2012 WL 1499883 (April 25, 2012) ("*Enforcement Guidance*"). (*Id.*).

On September 17, 2018, Defendant moved to dismiss pursuant to Federal Rules of Procedure 10(b), 12(b)(5) and 12(b)(6). (D.E. No. 20-1 ("Def. Mov. Br.")). Plaintiff opposed Defendant's motion. (D.E. No. 24 ("Pl. Opp. Br.")). And Defendant filed a reply. (D.E. No. 28).

**II.     Analysis**

**A. Dismissal for Insufficient Service of Process (12(b)(5))**

As suggested above, Defendant contends that the Court should dismiss under Federal Rule of Civil Procedure 12(b)(5) because Plaintiff has not properly effectuated service of process under Rule 4(j)(2) and Rule 4(m). (*See* Def. Mov. Br. at 6–15). In part, the Court agrees.

---

[1]     Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

1. **Rule 4(j)(2)**

Federal Rule of Civil Procedure 4(j)(2) provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Plaintiff, then, correctly observes that "Fed R. Civ. P 4(j)(2) present[s] two (2) choices . . . ." (*See* Pl. Opp. Br. at 7). Yet Plaintiff has not complied with either choice.

***First,*** Plaintiff has not "deliver[ed] a copy of the summons and of the complaint to [the] chief executive officer" of the "state, . . . municipal corporation, or any other state-created governmental organization" that he is attempting to sue. *See* Fed. R. Civ. P. 4(j)(2)(A). Here, Plaintiff attempted to serve Defendant via "Priority Mail Express" through the United States Postal Service. (D.E. No. 3). But "[s]ending a copy of the complaint and summons . . . by certified mail . . . is not the equivalent of 'delivering' those documents as required by Rule 4(j)(2)(A)." *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (citing *Gilliam v. County of Tarrant*, 94 Fed. App'x 230, 230 (5th Cir. 2004)). The Court of Appeals for the Third Circuit has ruled, for instance, that "sen[ding] a copy of [a] complaint to [a] Correctional Facility via certified mail . . . does not comply with . . . Rule 4[(j)(2)(A)]." *See White v. Green*, 382 F. App'x 199, 202 (3d Cir. 2010); *see also Shah v. Wisc. Dep't of Transp.*, Civ. No. 09–6441, 2010 WL 2640210, at *1 (D.N.J. June 28, 2010). Hence Plaintiff has failed to comply with Rule 4(j)(2)(A).

***Second***, Plaintiff has not "serv[ed] a copy of [the summons and Complaint] in the manner prescribed by [New Jersey]'s law for serving a summons or like process on [the] defendant." *See* Fed. R. Civ. P. 4(j)(2)(B); (*see also* Pl. Opp. Br. at 7 (apparently conceding failure to comply with Fed. R. Civ. P. 4(j)(2)(B) by observing that Plaintiff "chose . . . Fed. R. Civ. P. 4(j)(2)(A)")). In

New Jersey, "[s]ervice . . . shall be made . . . [o]n . . . public bodies [other than the State of New Jersey itself],[2] by serving a copy of the summons and complaint in the manner prescribed by subparagraph (a)(1) of this rule on the presiding officer or on the clerk or secretary thereof." N.J. Ct. R. 4:4-4(a)(8). N.J. Ct. R. 4:4-4(a)(1), in turn, authorizes service "by delivering a copy of the summons and complaint to the individual personally . . . or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf." In other words, "[p]ersonal service of the summons and complaint is the norm under Rule 4:4–4(a)(1);" and "this service requirement generally applies to . . . public bodies other than the State of New Jersey." *See, e.g.*, *Jordan v. State*, No. A-2624-14T4, 2016 WL 1192653, at *3 (N.J. Super. Ct. App. Div. Mar. 29, 2016) (citing N.J. Ct. R. 4:4-4(a)(8)). Here, as observed above, Plaintiff attempted to serve Defendant via "Priority Mail Express" through the United States Postal Service. (D.E. No. 3). And there is no evidence of personal service, or attempts at personal service, in the record. *See* N.J. Ct. R. 4:4-3(a) (describing an alternative to personal service when "personal service cannot be effected after a reasonable and good faith attempt"); (*see also* D.E. No. 3). Hence Plaintiff has also failed to comply with Rule 4(j)(2)(B). *See, e.g.*, *Boteach v. Socialist People's Libyan Arab Jamahiriya*, 759 F. Supp. 2d 548, 550 (D.N.J. 2010).

 **2. Rule 4(m)**

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend

---

2    Plaintiff has not attempted to serve the State of New Jersey itself. (*See* D.E. No. 3; *see also* Def. Mov. Br. at 10; Pl. Opp. Br. at 7).

the time for service for an appropriate period." Plaintiff concedes that he did not serve Defendant within 90 days of filing the Complaint. (Pl. Opp. Br. at 8).

The Court of Appeals

> has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m). First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion.

*McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

"'Good cause' has been defined as being tantamount to 'excusable neglect,' under Fed. R. Civ. P. 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). Again, Plaintiff concedes that he did not serve Defendant within 90 days of filing the Complaint. (Pl. Opp. Br. at 8). But Plaintiff asserts that his failure to serve was a result of his belief "that the clock started for delivery of service . . . *once he received the summons* from the Clerk's office" (*id*. (emphasis added))—not once "the complaint [wa]s filed," as provided by Rule 4(m). Nonetheless, Plaintiff's mistaken belief—even considered in the context of his *pro se* status—is insufficient to establish good cause. *See, e.g.*, *Mathies v. Silver*, No. 04-2882, 2011 WL 2293312, *6 (D.N.J. June 8, 2011) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995)); *see also, e.g.*, *Martinez v. Fudeman*, 742 F. App'x 705, 707 (3d Cir. 2018) ("noting that ignorance of filing deadlines does not excuse untimely filing even by *pro se* prisoners"). Plaintiff is not entitled to additional time to serve on that basis.

Now, "[s]ince this Court has . . . determined that Plaintiff is not entitled to an extension of time to serve based upon a showing of good cause, the Court must next determine whether it will use its discretion to grant an extension . . . ." *See Connolly v. Mitsui O.S.K. Lines (Am.), Inc.*, No. 04-5127, 2006 WL 2466848, at *6 (D.N.J. Aug. 24, 2006) (citing Fed. R. Civ. P. 4(m)). Here, for three reasons, the Court will exercise its discretion to grant an extension. **First**, a refusal to grant an extension could cause Plaintiff's claims to be time-barred. *See, e.g.*, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995) (recognizing that the Court "may . . . consider whether the running of the statute of limitations would warrant granting an extension of time"); *Smith v. Johnson*, 213 F. App'x 129, 130 (3d Cir. 2007) (recognizing that a "Title VII complainant has ninety days from the receipt of a[] . . . 'right-to-sue letter'" to file suit and that this period is "treated as [a] statute of limitations"). **Second**, Defendant does not argue that it has suffered prejudice as a result of Plaintiff's failure to serve under Rule 4(m). *See Petrucelli*, 46 F.3d at 1314; (Def. Mov. Br. at 14–15; Def. Reply at 2–3). **Finally**, Plaintiff submits that "[t]he gravity of the essential issues in this case . . . have deeply impacted [him]." (*See* Pl. Opp. Br. at 8).

Accordingly, the Court will "grant Plaintiff a thirty (30) day extension upon which to properly serve Defendant[] in accordance with [all] Federal Rules." *See, e.g.*, *Fominyam v. Borgen*, No. 16-0411, 2017 WL 1243139, at *3 (D.N.J. Jan. 20, 2017).

Because the Court has "elect[ed] to exercise [its] discretion to extend the time for service in this matter," this case will "be addressed on the merits." *See, e.g.*, *Estate of King v. City of Jersey City*, No. 15-6868, 2018 WL 3201793, at *4 (D.N.J. June 29, 2018).

### B. Dismissal for Failure to State a Claim (12(b)(6))

On the merits, Plaintiff has failed to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), however, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Facial plausibility "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Here, as noted above, Plaintiff asserts that Defendant "willfully committed employment discrimination against [Plaintiff] and violated [his] civil rights as an employment candidate based upon [r]ace . . . ." (D.E. No. 1-3). Plaintiff also asserts that Defendant "subjected [him] to disparate impact" because of "the specific and glaring ambiguity of its background check policy . . . ." (*Id.*). In support of these assertions, Plaintiff cites the *Enforcement Guidance*. (*Id.*).

Plaintiff, however, does not identify any way in which his race was related to the background check or Defendant's decision to suspend his candidacy. (*See generally* D.E. Nos. 1 & 1-3). For instance, the Complaint does not allege that Defendant "treats criminal history information differently for different applicants or employees, based on their race" or that Defendant used "stereotyped thinking" when suspending Plaintiff's candidacy. *See Enforcement Guidance*, 2012 WL 1499883, at *2 & *7; (*see also* D.E. No. 1-2 at 1 (asserting that "other candidates with criminal record[s] have been hired" by Defendant without identifying the race of those candidates)). Hence Plaintiff has "failed to set forth any facts that would support a claim of [race] discrimination under Title VII." *See, e.g.*, *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). He has pleaded only "an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).[3]

**III.     Conclusion**

The Court GRANTS Defendant's motion to dismiss.  To the extent Plaintiff can cure any deficiencies identified in this Opinion, **Plaintiff may do so within thirty days in an amended complaint.  But the Court may dismiss an amended complaint *with prejudice* or close this case if Plaintiff fails to cure any deficiencies identified in this Opinion.**

As stated above, the Court will permit Plaintiff a thirty-day extension upon which to properly serve Defendant in accordance with <u>***all***</u> Federal Rules.  *See, e.g.*, *Fominyam*, 2017 WL 1243139, at *3.

<u>*s/Esther Salas*      </u>
**Esther Salas, U.S.D.J.**

---

[3]     The Court rules that Plaintiff has failed to state a claim, so "the Court need not address Defendant[']s alternative arguments." *See, e.g.*, *Villarreal v. New Jersey*, No. 18-10444, 2019 WL 277599, at *1 (D.N.J. Jan. 22, 2019); (*see, e.g.*, Def. Br. at 15–16).